IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35458

| | | |
|---|---|---|
| WILLIAM GLEN LEER, | ) | |
| | ) | 2009 Opinion No. 56 |
| Petitioner-Appellant, | ) | |
| | ) | Filed: July 31, 2009 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment denying post-conviction relief, affirmed.

Dennis Benjamin of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

William Glen Leer appeals from the district court's order denying his petition for post-conviction relief. Leer asserts that the district court erred in concluding that Leer's appellate attorney in the criminal case was not ineffective. We do not reach this issue because we conclude that Leer's post-conviction action is time-barred.

## I.

## BACKGROUND

Leer was arrested in 2004 and charged with trafficking in 400 grams or more of methamphetamine, and several other crimes. Leer later filed a motion to suppress evidence seized at the time of his arrest, which the district court denied. Leer thereafter entered into an agreement with the State whereby he agreed to plead guilty to the methamphetamine trafficking charge and the State agreed to dismiss the other charges. Leer entered a conditional guilty plea, reserving the right to appeal various prior court rulings, including the denial of his suppression

motion. The court accepted the guilty plea and sentenced Leer to a twenty-year term of imprisonment with ten years determinate.

On appeal, Leer's counsel did not challenge the district court's denial of his suppression motion and instead argued only that Leer's sentence was excessive. This Court affirmed Leer's sentence in an unpublished opinion, *State v. Leer*, Docket No. 31559 (Ct. App. February 1, 2006). After the Supreme Court denied review, a remittitur was issued on April 19, 2006. Leer later received a July 31, 2006 letter from his appellate attorney which stated that although the appellate attorney had believed at the time of the appeal, and continued to believe, that the suppression issue was meritless, the attorney thought he should have raised the issue anyway because Leer had reserved the right to appeal the suppression order as part of his conditional guilty plea.[1] The letter stated that because of this oversight, Leer's appellate attorney believed that Leer might have a viable claim for post-conviction relief. About nine months later, on March 29, 2007, Leer filed a motion under the criminal case caption requesting appointment of counsel to help him prepare a petition for post-conviction relief. The appellate attorney's July 31 letter was attached to the motion as an exhibit. After allowing Leer time to file the necessary affidavit of indigency, the district court granted the motion for counsel on May 9, 2007. It appears that the Ada County Public Defender was initially appointed for Leer, but conflict counsel was later assigned on or about July 18, 2007. Leer's petition, asserting ineffective assistance of appellate counsel, was finally filed on October 2, 2007. At some point the State offered to stipulate that Leer be allowed to file an appeal from the suppression order, but Leer rejected that offer because he wanted to withdraw his plea instead.

The State filed a motion for summary dismissal, asserting that Leer's petition was barred by the statute of limitations. The district court concluded, however, that the statute of limitations should be equitably tolled because Leer had started the post-conviction process within the limitations period by filing his motion for counsel, though his conflict counsel was not appointed, nor a petition filed, until after the limitations period had expired. The court

---

[1] Leer's appellate attorney also testified during the evidentiary hearing in Leer's post-conviction action that he had not realized during the appeal that it was the policy of the State Appellate Public Defender's office, where he worked, to appeal all issues preserved in conditional guilty pleas regardless of their merit.

nevertheless denied Leer's petition on the merits after an evidentiary hearing, and Leer now appeals.

## II.

## ANALYSIS

Leer argues that he proved that his appellate counsel was deficient in not appealing the denial of the suppression motion and therefore the district court erred in refusing post-conviction relief. We do not address the merits of this claim, however, because we conclude, as the State contends, that Leer's post-conviction action is time-barred.

### A. Leer's Contentions That the State May Not Raise the Timeliness Issue on Appeal

Before addressing the State's statute of limitations argument, we must consider Leer's contention that the State may not raise this defense on appeal. Leer first argues that the State is prohibited from raising the timeliness issue because it did not cross-appeal from the district court's ruling that the doctrine of equitable tolling salvaged Leer's otherwise untimely petition. This assertion is incorrect, for a cross-appeal is required only when a respondent seeks affirmative relief from a judgment, order, or decree. "If no affirmative relief is sought by way of reversal, vacation, or modification of the judgment, order or decree, an issue may be presented by the respondent as an additional issue on appeal under Rule 35(b)(4) without filing a cross-appeal." Idaho Appellate Rules 11(g) and 15(a). *See also State v. Fisher* 140 Idaho 365, 372, 93 P.3d 696, 703 (2004). Here, the State does not seek to reverse, vacate, or modify the district court's denial of Leer's petition. Instead, the State urges affirmance of that denial on a ground that was raised in the trial court but that differs from the rationale on which the district court relied. Since the State seeks no change in the district court's judgment but, rather, simply asserts an alternate basis for upholding the judgment, it need not cross-appeal. *See McKay v. Boise Project Bd. of Control*, 141 Idaho 463, 467-68, 111 P.3d 148, 152-53 (2005); *Fisher*, 140 Idaho at 372-73, 93 P.3d at 703-04. *See also Bewley v. Bewley*, 116 Idaho 845, 847, 780 P.2d 596, 598 (Ct. App. 1989).

Leer also asserts that the State did not dispute his position below that equitable tolling rendered his petition timely, and therefore it cannot challenge that position on appeal. This contention is meritless. It is true that a party generally may not raise a *new* issue on appeal, *see State v. Cole*, 135 Idaho 269, 272-73, 16 P.3d 945, 948-49 (Ct. App. 2000); *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998), but here both the statute of limitations

3

defense and the equitable tolling question were before the trial court. The State expressly sought dismissal of Leer's petition on the ground that it was barred by the statute of limitations, and in response to this affirmative defense, Leer himself brought up the doctrine of equitable tolling. Having raised the limitations defense, the State did not need to present argument on each of Leer's theories of limitations avoidance in order to address those theories on appeal. Moreover, the prosecutor *did* contest Leer's equitable tolling theory. At the hearing on the State's motion the prosecutor argued that Leer had not shown a basis for equitable tolling: "I don't see any of those [equitable tolling] allegations here, and so I don't see where there is any way that we can get around the fact that this is just too late." The State plainly is entitled to controvert Leer's tolling argument on appeal.

## B.    Leer's Petition Is Barred by the Statute of Limitations

The limitations period for post-conviction actions in non-capital cases is one year from the expiration of the time for appeal in the criminal case or from the determination of the appeal or from the determination of the proceedings following an appeal, whichever is later. I.C. § 19-4902. *See also Gonzalez v. State*, 139 Idaho 384, 386, 79 P.3d 743, 745 (Ct. App. 2003); *Hanks v. State*, 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct. App. 1992). Here, the remittitur was issued in Leer's criminal appeal on April 19, 2006, and he had one year from that date to file his petition for post-conviction relief but did not do so. Although Leer did file a motion for appointment of counsel within the one-year period,[2] Leer's conflict counsel was not designated until July of 2007, after the limitations period had expired, and did not file Leer's petition until October 2, 2007.[3] Therefore, the action is time-barred unless a basis has been shown to equitably toll the limitations period.

The district court held that the limitations period was equitably tolled, and the State argues that this was error. Equitable tolling in a post-conviction action has been recognized by

---

[2]    Perhaps due to our recent decision in *Schwartz v. State*, 145 Idaho 186, 190-91, 177 P.3d 400, 404-05 (Ct. App. 2008), Leer does not assert that his motion for appointment of counsel should itself be considered a petition for post-conviction relief.

[3]    One argument made by Leer on appeal, that attorney malfeasance in failing to file the petition within the statutory period will justify equitable tolling, is without factual support inasmuch as his attorney was not even appointed until after the limitations period had run.

4

Idaho appellate courts in two circumstances--where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, *see Martinez v. State,* 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997); and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction, *see Abbott v. State,* 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996).[4] Equitable tolling is borne of the petitioner's due process right to have a meaningful opportunity to present his or her claims. *See Martinez,* 130 Idaho at 535-36, 944 P.2d at 132-33; *Abbott,* 129 Idaho at 385, 924 P.2d at 1229. As we noted in *Chico-Rodriguez v. State,* 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005), American courts generally have applied equitable tolling only in rare and exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition. Therefore, "the bar for equitable tolling for post-conviction actions is high." *Id.*

Here, the district court leniently applied equitable tolling upon the general consideration that Leer had taken a step to pursue a post-conviction claim in a timely manner by filing his motion for appointed counsel, but that circumstances beyond his control caused the petition not to be filed within the one-year period. We conclude, however, that this was error. Three weeks before the limitations period ended Leer filed a well-crafted motion for appointment of post-conviction counsel that was three and one-half pages long, cited pertinent legal authority, and was accompanied by exhibits that presented the facts later used as the basis for his petition. The exhibits included the letter from his appellate attorney stating that the attorney's failure to raise the suppression issue in Leer's appeal in the criminal case might entitle Leer to either withdraw his plea or receive a new appeal. The letter specifically discussed the possibility of pursuing a post-conviction claim. When the district court issued a notice of intent to deny Leer's motion for counsel due to his failure to show indigency, Leer submitted a well-written affidavit and documentation showing that he was in fact indigent. By these filings, Leer demonstrated that he had the capacity to submit an adequate and timely pro se petition for post-conviction relief had

---

[4]     In addition, at least in some circumstances the commencement of the limitations period may be delayed until the petitioner discovers the facts giving rise to the claim. In *Charboneau v. State,* 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007), the Idaho Supreme Court recognized that, at least where the post-conviction claim raises important due process issues, the limitations period may be postponed until the petitioner has discovered the factual basis for the claim. Leer does not urge application of this discovery exception here.

he chosen to do so, even if he might later need legal assistance to adequately pursue the action. Leer has not shown that his failure to file a timely petition was due to any inability to do so, and therefore he did not demonstrate a basis for equitable tolling.

Because Leer's petition was filed outside the limitations period and no basis for equitable tolling has been shown, his petition was untimely and should have been dismissed on that basis. We therefore affirm the judgment denying relief on Leer's petition.

Judge PERRY and Judge GRATTON **CONCUR.**