IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38195

| ALEXANDER JASON WOODLEY, | ) | 2012 Unpublished Opinion No. 385 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 2, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of the district court dismissing, in part, application for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Alexander Jason Woodley appeals from the district court's judgment dismissing, in part, his application for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Woodley was charged with felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(5). On April 9, 2007, the parties filed a plea agreement wherein Woodley agreed to plead guilty in exchange for the State's recommendation that he be granted a withheld judgment and placed on probation. The plea agreement specified that Woodley would be entitled to withdraw his plea if the court did not adopt the recommended sentence. The court accepted the plea and set the matter for sentencing.

At sentencing, however, the court imposed a seven-year sentence with four years determinate, suspended Woodley's sentence, and placed Woodley on probation for five years,

instead of withholding judgment. Woodley did not, at that time, move to withdraw his plea; he accepted probation on the specified terms. Woodley subsequently filed a notice of appeal, which was dismissed for failure to pay the necessary fees. The remittitur from that appeal was issued on November 14, 2007.

On April 11, 2008, Woodley filed a motion to withdraw his guilty plea. The district court denied Woodley's motion to withdraw his plea on the ground that the court lacked jurisdiction to entertain the motion. No appeal was taken at that time.

On March 25, 2009, Woodley initiated this case by filing an application for post-conviction relief alleging ineffective assistance of counsel. Woodley also filed a motion for equitable tolling, arguing that the statute of limitations should be tolled because mental illness and medication prevented him from timely pursuing post-conviction relief. After a hearing, the district court denied the motion to toll the statute of limitations.

Following the district court's denial of Woodley's motion for equitable tolling, the parties engaged in a period of motions practice, and ultimately, Woodley filed a third amended application for post-conviction relief. This application alleged ineffective assistance of counsel on the grounds that: (1) counsel failed to move to withdraw Woodley's plea when the district court imposed a sentence contrary to the binding plea agreement and failed to perfect his original appeal; (2) counsel appointed after Woodley's first appeal was dismissed failed to timely initiate a post-conviction action; and (3) counsel failed to appeal the denial of Woodley's motion to withdraw his guilty plea. The State moved for summary dismissal of Woodley's application on the ground that it was untimely, but conceded that the application was timely in regard to counsel's failure to appeal the denial of Woodley's motion to withdraw his plea.

The district court concluded that "without question" the court had erred in sentencing Woodley and suspending his sentence, rather than entering a withheld judgment, without allowing him to withdraw his plea. The district court held an evidentiary hearing in regard to Woodley's claim of ineffective assistance for failing to appeal the denial of his motion to withdraw. Following the hearing, the district court concluded that Woodley was entitled to appeal the order denying his motion to withdraw guilty plea. The district court reissued that order, Woodley filed a timely appeal, and we affirmed the district court's finding that it lacked jurisdiction to hear the motion. *See State v. Woodley*, Docket No. 38348 (Ct. App. Aug. 30, 2011) (unpublished).

As to Woodley's other claims of ineffective assistance of counsel, the district court granted the State's motion, dismissing Woodley's application in regard to those claims as untimely. Woodley timely appeals.

## II.

## DISCUSSION

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the

3

applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). "When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

Woodley asserts that he presented an issue of fact as to whether his mental state prevented him from timely filing a post-conviction application, and therefore, the district court erred in dismissing his claims as untimely. Woodley further asserts that the district court erred by refusing to recognize that ineffective assistance of counsel could toll the statute of limitations, in combination with misleading statements made by the State. Finally, Woodley asserts that the district court should have construed his pro se motions as initiating a post-conviction action. The State counters that Woodley has failed to present admissible evidence sufficient to establish a

4

material issue of fact in regard to the tolling of the statute of limitations for mental illness. The State argues the remaining issues Woodley raises are barred because they were not raised below.

**A.      Tolling of the Statute of Limitations**

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitations for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). "The statute of limitation may be equitably tolled, however. Equitable tolling for post-conviction actions is 'borne of the petitioner's due process right to have a meaningful opportunity to present his or her claims.'" *Schultz v. State*, 151 Idaho 383, 385-86, 256 P.3d 791, 793-94 (Ct. App. 2011) (quoting *Leer v. State,* 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009)). Woodley does not contend that his application for post-conviction relief was timely filed; rather, he only argues that the limitation period should have been equitably tolled. Woodley first argues that he presented enough evidence to create an issue of fact as to whether his mental state prevented him from timely filing. Second, he argues that ineffective assistance of counsel, in combination with misleading statements by the State, tolled the statute of limitations.

A petitioner's due process right is not violated by a statute of limitations bar unless he can show that he was incapable of filing a timely petition and, therefore, imposing the statute of limitations bar would deny him any meaningful opportunity to present his post-conviction claims. *See Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010); *Leer*, 148 Idaho at 115, 218 P.3d at 1176; *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Tolling is not allowed for a petitioner's own inaction. *Schultz*, 151 Idaho at 386, 256 P.3d at 794. As this Court stated in *Amboh*:

> Idaho appellate courts have not permitted equitable tolling where the post-conviction petitioner's own lack of diligence caused or contributed to the untimeliness of the petition . . . . Rather, in cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition

5

due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action.

*Amboh*, 149 Idaho at 653, 239 P.3d at 451 (citations omitted).

Equitable tolling has been recognized where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *See Rhoades*, 148 Idaho at 251, 220 P.3d at 1070; *Leer*, 148 Idaho at 115, 218 P.3d at 1176. To toll the statute of limitations on account of mental illness or medication, a petitioner must show that he suffered from a serious mental illness which rendered him incompetent to understand his legal right to bring an action within a year, or otherwise rendered him incapable of taking necessary steps to pursue that right. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005).

Woodley has failed to present sufficient evidence that he suffered from such a mental illness. The remittitur from Woodley's direct appeal was filed November 21, 2007, and so he was required to file his application for post-conviction relief before November 21, 2008. Woodley points to evidence in the record that on November 9, 2007, he was admitted to the Eastern Idaho Regional Behavioral Health Center and that on another occasion, in 2008, he "experienced mental health issues" for which he was hospitalized at the Idaho Maximum Security Institute for a short time. However, both hospitalizations were of a short duration, and the condition which necessitated them--depression, according to Woodley--does not inherently show he was incapable of understanding his legal rights, or unable to take steps in pursuit of an action for post-conviction relief.

Woodley also points to evidence that in between these hospitalizations, Woodley was prescribed psychotropic medication, and apparently used and continued the use of such medication until April 2008. The medication Woodley was prescribed, however, was a simple anti-depressant, whose possible side effects included "headache, anxiety, dizziness, fatigue, sedation, priapism, [and] nausea." Absent any evidence that the medication had more serious effects on Woodley, the use of such common anti-depressants does not render him incompetent or incapable of pursuing his post-conviction case. *See Abbott v. State*, 129 Idaho 381, 383, 924 P.2d 1225, 1227 (Ct. App. 1996) (Where issue of material fact was held to exist in regard to equitable tolling, applicant asserted that while in custody of the Board of Corrections he had been "placed on heavy amounts of mind altering medication Thorazine," so that he had been

6

unable to file a timely appeal or to earlier challenge his conviction.). Moreover, Woodley was apparently of sound mind long enough to prepare and file his pro se motion to withdraw his guilty plea while he was taking this medication.

Finally, Woodley presents a letter written by prison staff recommending he be given a second rider as evidence of mental illness. He argues that prison staff recommended a second rider, in part, because he exhibited "cognitive distortions," which tends to show incapacity. The letter reports that Woodley "continues to display a pattern of behavior consistent with an individual who uses cognitive distortions such as all or nothing thinking, catastrophizing, and blaming others when faced with assuming responsibility." Once again, the evidence is insufficient to establish incapacity. Although Woodley's behavior may be the result of mental illness, there is no indication that Woodley's ability to comprehend his legal rights was diminished in any way.

Even if we assumed, arguendo, that Woodley was incapable of acting on his post-conviction rights: (1) at or near the times of his hospitalizations; (2) while he was taking anti-depressants; and (3) at the time he was reported as using cognitive distortions, there still existed a four-month period, from August 15, 2008, to November 21, 2008, in which Woodley could have filed his post-conviction application. As recently noted in *Schultz*, "The standard for application of equitable tolling in post-conviction actions is a stringent one." *See Schultz*, 151 Idaho at 386, 256 P.3d at 794. In that case, this Court noted that an applicant had a six-week window during the limitation period in which an application could have been filed; such a window was deemed sufficient to defeat a claim for equitable tolling. *See id.* (citing *Evensiosky v. State*, 136 Idaho 189, 190-91, 30 P.3d 967, 968-69 (2001)). Woodley's evidence, even if it showed incapacity, also fails to show a period of time sufficient to equitably toll the statute of limitations.[1]

Woodley next claims that after he filed his pro se motion(s) to withdraw, counsel actively assisted him in pursuing his claims through that vehicle, instead of advising Woodley of his post-conviction rights. Woodley argues the district court should have equitably tolled the statute of limitations due to this ineffective assistance, in combination with alleged misleading statements

---

[1]     We note that the district court held that Woodley was represented by counsel during the time in which he seeks equitable tolling. This Court may affirm on a different theory. *Leer v. State*, 148 Idaho 112, 218 P.3d 1173 (Ct. App. 2009).

by the State. He further claims that the filing of his motion to withdraw his guilty plea should be considered as equitably tolling the statute of limitations. However, Woodley never raised these arguments in the district court. His motion for equitable tolling alleged solely mental illness as a ground for tolling the statute of limitations. When the State filed its motion for summary dismissal, Woodley filed no response raising either issue. Nor did Woodley make the argument at the hearing on the State's motion for summary dismissal. This Court will not consider issues that are presented for the first time on appeal. *See State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991) ("We will not address on appeal a challenge to the legality of a sentence where the trial court was not given an opportunity to consider the issue."). Therefore, we decline to consider Woodley's argument that counsel's alleged shortcomings, or the filing of his motion to withdraw his guilty plea, warrants equitable tolling of the statute of limitations.

B.      **Construction of Pro Se Motions**

Woodley's final contention is that the district court erred by summarily dismissing his claims as untimely because his motion to withdraw his guilty plea, filed in April 2008, should have been construed as an application for post-conviction relief. The argument is foreclosed by the Idaho Supreme Court's decision in *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003). The appellant in *Jakoski* filed a motion to withdraw his guilty plea, and argued that such a motion could be considered a post-conviction application. *See id.* at 354, 355, 79 P.3d at 713, 714. The *Jakoski* Court held that "it would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation." *Id.* at 355, 79 P.3d at 714. Woodley acknowledges that *Jakoski* controls, but urges this Court to overrule it on the grounds that such a rule is fundamentally unfair and deprives pro se inmates of a meaningful opportunity to present their post-conviction claims. However, it is not our position to overrule the Supreme Court; and principles of *stare decisis* lead us to decline to revisit that decision.

## III.

## CONCLUSION

The evidence presented regarding Woodley's mental health shows that he suffers from depression. That depression has led to hospitalization while incarcerated and intervention through medication. The evidence presented regarding Woodley's mental health fails to show that either his mental state or the medication treating it incapacitated him to the extent necessary

to toll the statute of limitations.  Furthermore, Woodley failed to argue the other issues below, and his motion for withdrawal of his guilty plea cannot be construed as an application for post-conviction relief.  Since Woodley has failed to show error, the decision of the district court is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**