# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40420

| | | |
|---|---|---|
| JAMES ALAN GERDON, | ) | 2014 Unpublished Opinion No. 342 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 4, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James Alan Gerdon filed a successive post-conviction action claiming, *inter alia*, that the trial court in his criminal case erred by failing to rule on a motion that he filed pro se after sentencing. The post-conviction court dismissed the post-conviction action on several grounds, including timeliness. On appeal, Gerdon argues that the untimeliness should have been excused. We affirm.

## I.

## BACKGROUND

On August 9, 2012, Gerdon filed his fourth (third successive) petition for post-conviction relief from his 2004 conviction for four counts of sexual abuse of a minor under the age of sixteen, Idaho Code § 18-1506(1); three counts of lewd and lascivious conduct with a minor under the age of sixteen, I.C. § 18-1508; and two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen, I.C. §§ 18-1508, 18-306. The petition alleged,

1

among other things, that the trial court in his criminal case had failed to rule on a pro se motion that Gerdon had filed after sentencing. In his attached affidavit, Gerdon stated that he wanted to withdraw his guilty plea and proceed to trial in the criminal case but "could not communicate with the people helping [him] with [his] legal defense." Reading the petition liberally, it appears that Gerdon alleges he filed a pro se motion attempting to withdraw his guilty plea after sentencing in 2004. He alleged that the trial court erred by failing to rule on his motion until 2011.

On appeal, neither party explains why the motion was not addressed for over seven years. However, this irregularity does appear to be partially explained in our prior, unreported decision which noted that Gerdon's pro se motion to withdraw his guilty plea and a direct appeal were filed close in time and on potentially similar grounds:

> In March 2004, Gerdon, acting pro se, filed a motion to overturn verdict. Shortly thereafter, Gerdon's attorney filed a direct appeal. On May 19, 2005, this Court affirmed Gerdon's judgment of conviction and sentences. Gerdon took no action with respect to his motion to overturn verdict. On August 29, 2011, Gerdon filed an amended motion to vacate, renewing his 2004 motion to overturn verdict. The district court treated both of these motions as an I.C.R. 35 motion, in part because of the relief sought. The district court denied Gerdon's motion, on the grounds that it was untimely and, therefore, the district court lacked jurisdiction to decide the motion.

*State v. Gerdon*, Docket No. 39396 (Ct. App. Aug. 10, 2012) (unpublished). In that case, we did not reach the merits of the motion because Gerdon failed to file a timely appeal challenging the district court's denial of his motions. However, we noted that Gerdon conceded that the motion was untimely.

The post-conviction court issued a notice of intent to dismiss this fourth petition for post-conviction relief. The notice stated that the claims would be summarily dismissed because they were time-barred, because the merits of some claims had been previously litigated, and because Gerdon waived other claims by not raising them in a prior petition for post-conviction relief. The notice of intent was signed and filed on August 13, 2012; the certificate of delivery, signed by a deputy clerk, indicated that it was mailed on the same day. On September 5, 2012, after noting that no response had been filed, the court granted summary dismissal in favor of the State. One week later, on September 12, 2012, the court entered a judgment of dismissal.

On September 14, 2012, Gerdon filed a motion for reconsideration. The motion did not argue that the dismissal was erroneous. An attached affidavit stated that the clerk failed to mail the notice of intent to dismiss until August 23, 2012. Gerdon claims he attempted to get access to the prison library but could not get access until September 5, 2012, the day after the notice of intent to dismiss indicated that Gerdon's response was due. In the affidavit, Gerdon claimed that the post-conviction court would not have dismissed his case if it had heard his evidence and arguments. However, the affidavit did not present any such evidence or argument.

The post-conviction court denied the motion to reconsider. While Gerdon had received less than twenty days to respond, the court noted that even considering Gerdon's motion to reconsider as a response, he failed to provide any evidence or argument showing that the grounds for dismissal asserted in the notice of intent to dismiss were erroneous.

On appeal, Gerdon claims that the district court's determination that his petition was untimely was erroneous. He argues he could file a successive petition for post-conviction relief on the basis of the denial of his 2004 motion until that motion was adjudicated in 2011. He also argues the court's failure to rule on his motion prevented him from adequately presenting the claim. Finally, he argues any untimeliness should be excused under the principle of equitable tolling because Gerdon was denied access to Idaho legal materials.

## II.

## ANALYSIS

Although Gerdon's third successive petition alleges various claims for relief, on appeal he challenges only the district court's dismissal of the claim that the trial court in the criminal case failed to rule on his motion for over seven years. The grounds upon which the district court summarily dismissed this claim included that the claim was time-barred and that Gerdon had not shown sufficient reason why the claim was not presented or was not adequately presented in one of his prior post-conviction actions.

Pursuant to I.C. § 19-4902, a petition for post-conviction relief must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal, whichever is later." Failure to file a petition for post-conviction relief within this statute of limitations is grounds for summary dismissal under I.C. § 19-4906. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

3

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of "sufficient reason" permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis. *Id.*

Equitable tolling may excuse the untimeliness of a post-conviction action. "Equitable tolling in a post-conviction action has been recognized by Idaho appellate courts in two circumstances--where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction." *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009) (internal citations omitted). "The bar for equitable tolling for post-conviction actions is high." *Id*. (quoting *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005)). "American courts generally have applied equitable tolling only in rare and exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition." *Leer*, 148 Idaho at 115, 218 P.3d at 1176.

We begin by noting that Gerdon's claim is not a challenge to the correctness of the criminal court's eventual order denying Gerdon's motion. By the time Gerdon filed the current petition, the court had ruled on the motion. In his petition, Gerdon presented no evidence or argument that the motion was incorrectly adjudicated. Rather, in his petition and in his affidavit, Gerdon asserted the delay itself as grounds for relief.[1]

The district court correctly held that this claim is time-barred. Gerdon admits that he knew the motion had not been acted upon by the trial court throughout the more than seven years

---

[1] We are not convinced that delaying a ruling on a motion is a proper claim for post-conviction relief under I.C. § 19-4901. However, this issue was not briefed by the parties and was not the basis of the ruling below. Accordingly, we assume, *dubitante*, that the delay is grounds for relief.

that elapsed before a ruling on the motion. On the scant record before us, it appears that Gerdon first tried to prompt a ruling on March 20, 2004, by sending a written communication to the trial court. Because this claim was not raised within the limitation period for post-conviction actions, it is barred.

Gerdon argues that equitable tolling of the statute of limitations should apply. First, he argues that he could not have argued that he was prejudiced by the delay until after the motion was ruled upon. We disagree. As stated above, Gerdon's post-conviction claim does not assert any error in the eventual decision. Therefore, if the delay itself can be the basis of a valid post-conviction claim, Gerdon could have asserted the delay claim before the ruling occurred.

On appeal, Gerdon also argues for equitable tolling because he allegedly was held without access to Idaho legal materials. In his petition, Gerdon stated that he "did not have access to a law library and those accessories which [he] needed to file [his] legal claims." Read in concert with his affidavit, it appears Gerdon meant that he lacked access to legal resources in 2004, when drafting his motion. Nevertheless, assuming that Gerdon meant he has continued to lack access to Idaho materials, his statement was too conclusory and insufficiently supported to demonstrate a basis for tolling of the statute of limitations. This post-conviction matter was filed over eight years after the event he complains of. He has not presented evidence showing that he was held without access to Idaho legal materials such that he was unable to file this post-conviction claim through the entire eight-year period. To the contrary, he managed to file *three* prior post-conviction actions. Thus, the record shows that no lack of access to Idaho legal materials prevented Gerdon from presenting this post-conviction claim much earlier. Therefore, Gerdon has failed to show that the trial court erred in declining to hold that the statute of limitations was equitably tolled.

Because we hold that this action was correctly dismissed on grounds that it was barred by the statute of limitations, we do not reach the alternative bases for the district court's dismissal.

Gerdon failed to show that the post-conviction court erred when it determined that this successive post-conviction action was barred by the statute of limitations. Therefore, the judgment dismissing Gerdon's post-conviction action is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

5