**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40831**

| | | |
|---|---|---|
| PETER BRENNAN, | ) | 2014 Unpublished Opinion No. 497 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Judgment of the district court dismissing successive post-conviction action, affirmed.

Peter Brennan, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Peter Brennan was convicted of lewd conduct with a minor under sixteen in violation of Idaho Code § 18-1508. He filed a post-conviction action challenging his conviction, but his claim was dismissed as untimely. In an attempt to avoid dismissal, Brennan argued that he was entitled to equitable tolling of the statute of limitations, but provided no factual basis for his argument. Thereafter, he filed a successive post-conviction action in which he did provide a factual basis for equitably tolling his previously-dismissed claim. The district court dismissed the successive petition, holding that Brennan failed to provide a sufficient reason for the delay in bringing these facts to the court's attention.

**I.**

**BACKGROUND**

In a prior unpublished opinion, we set forth the factual background of the underlying matters:

1

Brennan pled guilty to one count of lewd conduct with a minor under sixteen. Idaho Code § 18-1508. An amended judgment of conviction was entered on June 30, 2009, to correct a clerical mistake in the original judgment. Brennan subsequently filed a Rule 35 motion for a reduction of sentence, which the district court denied. Brennan did not appeal his original sentence or the denial of his Rule 35 motion. On September 15, 2011, Brennan filed a petition for post-conviction relief, which was filed within one year of the denial of his Rule 35 motion, but more than two years after the entry of the amended judgment of conviction. Brennan's post-conviction petition contained ineffective assistance of counsel claims related to failure to file a suppression motion based upon asserted *Miranda* violations and use of a psychosexual evaluation at sentencing. The district court entered a notice of intent to dismiss the petition, on the ground that the petition was untimely and lacking any basis for equitable tolling of the one-year period for filing the petition under I.C. § 19-4902. Brennan responded to the court's notice of intent to dismiss, stating there was no time limit on a successive petition for post-conviction relief. While Brennan labeled his petition for post-conviction relief "successive," it was the first and only post-conviction petition he had filed. The district court summarily dismissed Brennan's petition for post-conviction relief, again stating the petition was untimely and that no ground for equitable tolling had been asserted.

*State v. Brennan*, Docket No. 39391 (Ct. App. Dec. 21, 2012) (unpublished). On appeal, this Court affirmed the decision of the district court concluding that the petition was not successive, that it was untimely, and that equitable tolling did not apply.

On May 23, 2012, Brennan filed a successive post-conviction action. His amended petition alleges that he retained private counsel to pursue relief under Idaho Criminal Rule 35 and through post-conviction proceedings. Counsel filed a Rule 35 motion, but did not file a petition for post-conviction relief. In January 2011, counsel informed Brennan of his failure to file a post-conviction petition. In a brief attached to his unamended successive petition, Brennan set forth the basis of the underlying claim and argued that trial counsel was defective for failing to move to suppress evidence pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966).

The State filed a motion seeking summary dismissal. It argued that the Brennan's claims were time-barred and were waived because he failed to raise them in his first post-conviction action.

The district court dismissed the post-conviction action, holding that the action was time-barred because the successive petition was not filed within a reasonable time. Alternatively, the district court appears to have held that the issue was waived as Brennan had not provided a "sufficient reason" for failing to adequately raise the equitable tolling claim in his original post-

conviction action. It further held that equitable tolling was inapplicable because Brennan's lack of diligence caused the considerable period of delay between the date he discovered that no post-conviction action had been filed and the date he first brought that to the attention of the court. Finally, it held that the successive petition would not be deemed timely under the relation-back doctrine because Brennan knew that his attorney failed to file a petition for post-conviction relief when he filed his first post-conviction petition in 2011.

Brennan appeals. He argues that the district court erred by holding that he was not entitled to equitable tolling or the application of the relation-back doctrine.

## II.

## ANALYSIS

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). The failure to file a timely petition is a basis for dismissal of the petition under the procedures set forth in I.C. § 19-4906. *State v. Ochieng*, 147 Idaho 621, 624, 213 P.3d 406, 409 (Ct. App. 2009). Our review of the district court's construction and application of the statute of limitations is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely petition is a basis for dismissal of the petition. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

"[I]f an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent application outside of the one-year limitation period if 'the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.'" *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008) (quoting I.C. § 19-4908); s*ee also Charboneau v. State*, 144

3

Idaho 900, 904, 174 P.3d 870, 874 (2007). When determining whether a "sufficient reason" should permit a petitioner to file a successive petition, the trial court must consider "whether the claims being made were asserted within a reasonable period of time." *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

Generally, Idaho courts have excused untimely filing only when a petitioner can show he was entitled to equitable tolling or to the application of the relation-back doctrine. "Equitable tolling in a post-conviction action has been recognized by Idaho appellate courts in two circumstances--where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction." *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009) (internal citations omitted). In addition, in some circumstances, commencement of the limitations period may be delayed until the petitioner discovers the facts giving rise to the claim. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011). "[T]he bar for equitable tolling for post-conviction actions is high." *Leer*, 148 Idaho at 115, 218 P.3d at 1176 (quoting *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005)). "American courts generally have applied equitable tolling only in rare and exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition." *Leer*, 148 Idaho at 115, 218 P.3d at 1176. "Idaho appellate courts have not permitted equitable tolling where the post-conviction petitioner's own lack of diligence caused or contributed to the untimeliness of the petition." *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010).

"Additionally, when a second or successive application is presented because the initial application was summarily dismissed due to the alleged ineffectiveness of the initial post-conviction counsel, use of the relation-back doctrine may be appropriate." *Schwartz*, 145 Idaho at 189, 177 P.3d at 403. *But see Murphy v. State*, ___ Idaho ___, ___ P.3d ___ (Feb. 25, 2014) *reh'g pending*.

Brennan does not seek equitable tolling as to the successive petition. Instead, he uses his successive petition to present facts in an attempt to show that the statute of limitations applicable to his *original* post-conviction action should have been tolled. Brennan was convicted in June 2009. He was alerted to the fact that no post-conviction petition had been filed in January 2011. Eight months after discovering that fact, he filed his first post-conviction action and argued he

4

was entitled to equitable tolling, but failed to provide any factual basis for his equitable tolling argument. An additional nine months later, Brennan finally presented alleged facts in support of his equitable tolling claim. However, Brennan offers no explanation for his failure to present these facts in his first post-conviction action. Idaho Code § 19-4908 permits a petitioner to raise an adjudicated issue a second time, in a successive petition, if the petitioner can show a "sufficient reason" that the adjudicated issue was "inadequately raised." Brennan has not provided any reason for his failure to factually support his equitable tolling claim in his original post-conviction action. Accordingly, he has shown no sufficient reason to allow a subsequent application for post-conviction relief. I.C. § 19-4908.

Moreover, even if we address the merits of the equitable tolling claim, Brennan is not entitled to equitable tolling. Seventeen months passed from the date on which he discovered that his attorney failed to file a petition for post-conviction relief and the date upon which Brennan finally brought that claimed basis for tolling to the attention of the court. At this point, Brennan would not be entitled to equitable tolling because his own lack of diligence caused or contributed to the untimeliness of the petition.

Similarly, Brennan's relation-back argument cannot afford him relief. As stated above, that rule applies where there was a "timely application" for post-conviction relief. That factual trigger for the relation-back doctrine has not been met; there is no timely petition to relate back to.

## III.

## CONCLUSION

Brennan did not factually support his equitable tolling claim in his original post-conviction action. Idaho law permits a petitioner to present facts in a successive petition only when there is a sufficient reason that the facts were not raised in the first post-conviction action. Brennan offers no justification for not presenting the alleged facts in 2011, when the facts were plainly relevant and known to him. Because he does not explain this failure, Idaho law prohibits his relitigation of the equitable tolling issue. Accordingly, the judgment of the district court, dismissing Brennan's successive post-conviction action, is affirmed. No costs are awarded.

Judge GRATTON and Judge MELANSON **CONCUR.**

5