**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46844**

| | |
|---|---|
| JERRY LEONARD ELLIS, II, | ) |
| | ) **Filed: June 22, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment dismissing post-conviction petition, <u>affirmed</u>.

Jerry Leonard Ellis, II, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Jerry Leonard Ellis, II, appeals from the district court's final judgment summarily dismissing his successive petition for post-conviction relief. Ellis provided no basis on which to file a successive petition and even if he had, he has not established that equitable tolling would apply to the filing of the petition. Thus, we affirm the district court's final judgment and order dismissing Ellis's successive petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In two separate cases, Ellis pleaded guilty to felony driving under the influence. *See State v. Ellis*, Docket Nos. 40898 and 40901 (Idaho Ct. App. Oct. 7, 2014) (unpublished). Ellis appealed after the district court revoked probation and ordered his sentences executed. *Id.* The cases were consolidated and this Court affirmed. *Id.*

1

Ellis filed his first petition for post-conviction relief which alleged: the State erred by providing incorrect medical care, Ellis received ineffective assistance of trial counsel, the trial court made numerous errors, and Ellis received ineffective assistance of appellate counsel. Ellis's petition for post-conviction relief was dismissed on the State's motion for summary dismissal.

Ellis filed a second petition for post-conviction relief.[1] In his successive petition, Ellis claimed: (1) Ellis was convicted under an unconstitutional statute (Idaho Code § 18-8002); (2) illegal search and seizure; (3) ineffective assistance of counsel; (4) involuntary and unintelligent plea; (5) Ellis was denied his request to speak to his counsel by a police officer before submitting to scientific testing; (6) evidence of material facts were not previously presented or heard; and (7) ineffective assistance of post-conviction appellate counsel. The State filed an answer to Ellis's successive petition, as well as a motion for summary disposition. Ellis filed a brief in opposition to the State's motion for summary disposition. The district court issued a memorandum decision and order granting the State's motion for summary disposition, as well as a judgment dismissing the successive post-conviction petition. Ellis timely appeals.

## II.

## STANDARD OF REVIEW

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Id.* at 395, 327 P.3d at 371.

Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time.

---

[1] The district court refers to Ellis's amended second petition for post-conviction relief. However, the record does not contain an amended version of this successive petition.

2

*Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable period of time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

Ellis presents five general arguments on appeal: (1) the district court erred by denying Ellis equitable tolling of the post-conviction statute of limitation under I.C. § 19-4902(a); (2) the district court erred by dismissing Ellis's successive petition for post-conviction relief pursuant to I.C. § 19-4908; (3) the district court erred by denying Ellis's claim of ineffective assistance of post-conviction counsel; (4) the district court erred in ruling that Ellis's trial counsel was not deficient and that Ellis was not prejudiced; and (5) the district court erred by dismissing Ellis's amended successive petition for post-conviction relief.

The district court found that Ellis failed to establish a sufficient reason to justify filing the successive petition for post-conviction relief, that Ellis failed to timely file his successive petition, and that the claims could have or should have been raised on direct appeal. The dispositive issue in this case is whether Ellis established sufficient reason to file a successive post-conviction petition, and if so, whether the successive petition was timely filed. The district court correctly concluded that Ellis has provided no basis to justify the filing of his successive petition for post-conviction relief. In *Murphy*, the Idaho Supreme Court explicitly held that ineffectiveness of post-conviction counsel provided no basis for which a successive post-conviction petition could be filed. *Murphy,* 156 Idaho at 395, 327 P.3d at 371. Because Ellis cannot establish a basis for the filing of the successive petition, the district court did not err in dismissing it on this ground. The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal in that section refers to the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis to dismiss the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

On October 7, 2014, this Court issued an unpublished opinion in Ellis's consolidated direct appeal, which affirmed the district court's orders revoking probation and ordering the execution of the sentences in Ellis's two underlying cases. *See State v. Ellis*, Docket Nos. 40898 and 40901 (Idaho Ct. App. Oct. 7, 2014). The remittitur was issued on December 30, 2014. Ellis filed his successive petition for post-conviction relief on April 18, 2018. The district court held that Ellis untimely filed his successive petition because he did not commence the proceeding within one year from the determination of his appeal.

Ellis does not dispute that his post-conviction petition was untimely. Instead, Ellis relies upon equitable tolling to excuse the untimely filing of his petition. The bar for equitable tolling in post-conviction actions is high. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). Generally, equitable tolling only applies in rare and exceptional circumstances beyond the petitioner's control that prevented the petitioner from filing a timely petition. *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009). Equitable tolling has been recognized in Idaho where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Rhoades v. State*, 148 Idaho 247, 251, 220 P.3d 1066, 1070 (2009); *Leer*, 148 Idaho at 115, 218 P.3d at 1176. In addition, in some circumstances, the commencement of the limitation period may be delayed until the petitioner discovers the facts giving rise to the claim. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Equitable tolling will not be applied where the circumstances merely made it more difficult to file a petition or where a petitioner's own inaction caused him or her to file outside of the statute of limitation. *See Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003) (equitable tolling denied even where petitioner spoke only Spanish because bilingual aid was available); *Schultz v. State*, 151 Idaho 383, 386-87, 256 P.3d 791, 794-95 (Ct. App. 2011) (equitable tolling not allowed for petitioner's own inaction).

According to Ellis, the delay in filing his successive petition was caused by his attorney's erroneous legal advice. In particular, Ellis argues he was unaware he could file a claim contesting the warrantless blood draw. Ellis's lack of knowledge about the legal basis for potential claims is not a basis for equitable tolling of the post-conviction petition statute of

limitation period.  *Chapman v. State*, 128 Idaho 733, 735, 918 P.2d 602, 604 (Ct. App. 1996).

Moreover, Ellis fails to address the district court's analysis or show how the district court erred when it found that equitable tolling was not appropriate.  Ellis does not dispute the dates of his filings, which demonstrate his successive post-conviction petition was filed more than one year from the remittitur issued in his direct appeal.  Ellis has neither explained the delay between the remittitur date and the date in which Ellis filed his successive post-conviction petition, nor has he shown any rare and exceptional circumstances beyond his control that prevented him from filing a timely petition.  Therefore, Ellis has failed to demonstrate that he was entitled to the equitable tolling necessary to render his petition timely.

Because Ellis had no basis on which to file a successive petition and the successive petition was untimely, the district court correctly dismissed Ellis's successive petition for post-conviction relief.  *See Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.  Based on these reasons, we need not address the district court's conclusion that the claims could have or should have been raised on direct appeal.  Consequently, this Court does not need to address the remaining issues raised by Ellis on appeal.

## IV.

## CONCLUSION

Ellis provided no basis justifying the filing of his successive petition for post-conviction relief or the untimeliness of his successive petition.  Because equitable tolling does not apply, we affirm the district court's final judgment and order dismissing Ellis's petition for post-conviction relief.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.