**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36779**

| | | |
|---|---|---|
| JASON CHARLES AMBOH, | ) | |
| | ) | **2010 Opinion No. 48** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: July 14, 2010** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Peter D. McDermott, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Deborah A. Whipple of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

In this post-conviction action, Jason Charles Amboh appeals the summary dismissal of his claim that his defense attorney was deficient for failing to file a timely notice of appeal from Amboh's judgment of conviction. We affirm the district court's determination that this post-conviction action is barred by the statute of limitation.

**I.**

**BACKGROUND**

Amboh pleaded guilty to driving under the influence. The judgment of conviction was filed on June 21, 2007. On August 12, 2007, Amboh wrote his public defender "in regard to an appeal." The attorney replied by letter dated August 14, 2007, saying that the time to appeal had already expired but that the attorney had filed a late notice of appeal anyway. The letter stated:

> I received your letter dated August 12, 2007 today. As you know, you had 42 days to appeal the Court's sentencing. That time has passed. You indicated you have attempted to get a hold of me. I have reviewed my phone messages and

1

do not see that you called. If you tried to call me collect from jail, I would not reflect that on my phone messages.

You still have Post Conviction Relief rights. This is contained in the Idaho Criminal Rule 57. If you have any question about Rule 57, call me or write me.

I assume you will be disappointed your appeal period has run, but honestly that appeal had no legs to run on. (I do not believe the appeal would be successful.) I also do not believe your Rule 57 will have any success, but you can file it if you want to. As always, I will respond to any of your letter.

I <u>have filed</u> the Appeal anyway.

The notice of appeal was filed on August 15, 2007.

The State Appellate Public Defender's Office (SAPD) was appointed to represent Amboh on his direct appeal. The Idaho Supreme Court issued a conditional order dismissing Amboh's appeal as untimely because the appeal was not filed within forty-two days after the judgment of conviction as required by Idaho Appellate Rule 14(a). On September 25, 2007, the Court entered a final dismissal order, and a remittitur was issued on September 28, 2007. The SAPD, however, did not inform Amboh that his direct appeal had been dismissed, nor did it communicate with him in any way. Amboh apparently made no inquiry about the status of the appeal until February 2, 2009, when he contacted the SAPD and learned that his appeal had been dismissed sixteen months earlier.

On March 11, 2009, Amboh, acting pro se, filed a petition for post-conviction relief alleging that his defense counsel was ineffective for failing to file a timely notice of appeal from his judgment of conviction. Apparently to excuse his late-filed petition, he also asserted lack of communication by his appellate counsel, contending that he did not learn of the dismissal of his direct appeal until January 26, 2009. The State moved for summary dismissal on the basis that Amboh's petition was not filed within the one-year statute of limitation, Idaho Code § 19-4902(a). At a hearing, Amboh asserted that the time for filing his petition should be equitably tolled until he discovered that his direct appeal had been dismissed, and that his petition was timely because he filed it within a reasonable time thereafter. The district court rejected Amboh's claim of equitable tolling and summarily dismissed the action. Amboh appeals from that order.

## II.

## ANALYSIS

Summary dismissal of an application for post-conviction relief is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct. App. 1987). In an appeal from a summary dismissal, we independently review the district court's application of law to undisputed facts. *Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002); *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

The district court's dismissal of Amboh's action was based upon the application of I.C. § 19-4902(a), which provides that an application for post-conviction relief must be filed within one year from the expiration of the time for appeal from the applicant's judgment of conviction or from the determination of an appeal or of any proceeding following an appeal, whichever is later.

Amboh argues that the time for filing his petition for post-conviction relief should have been equitably tolled because of the deficient performance of his trial and appellate counsel. He asserts that his trial counsel performed incompetently by omitting to file a timely notice of appeal and that his appellate counsel was deficient for failing to inform Amboh that his appeal was dismissed for untimely filing, which caused him to miss the statutory deadline for filing his petition for post-conviction relief. Amboh argues that his loss of opportunity to appeal from the judgment of conviction raises an important due process issue warranting tolling of the statute of limitation for the filing of his post-conviction petition.

We begin by observing that the parties and the district court all erroneously assumed that Amboh's petition would have been timely under I.C. § 19-4902(a) if it had been filed within one year from the "determination of [his] appeal" from the judgment of conviction, i.e., from the remittitur following the dismissal of Amboh's untimely appeal. Amboh's argument is based on the presumption that if his appellate counsel had informed him that his direct appeal had been dismissed and a remittitur issued on September 28, 2007, Amboh would have had one year thereafter within which to file his post-conviction action. This presumption is incorrect, for the

3

Section 19-4902(a) period for filing a post-conviction action began when the time for appeal from Amboh's conviction lapsed. In *Loman*, 138 Idaho 1, 56 P.3d 158, the defendant's late-filed notice of appeal from his judgment of conviction was dismissed as untimely, and the defendant filed a petition for post conviction relief within one year from the issuance of a remittitur on the dismissal. The district court summarily dismissed the petition as untimely, and this Court affirmed, stating:

> The district court concluded that Loman's application was untimely because the limitation period began to run from December 7, 1998--the expiration of the time for an appeal from his judgment of conviction pursuant to I.A.R. 14--and therefore his post-conviction application filed on December 15, 1999 was eight days late. On appeal, Loman disputes the district court's interpretation of § 19-4902(a). He argues that the limitations period began to run from the "determination" of his untimely appeal on February 16, 1999, when the Supreme Court issued its remittitur.
>
> We conclude that the district court's application of the statute was correct. The reference in § 19-4902(a) to "the determination of an appeal" contemplates a valid appeal that the appellate court possessed jurisdiction to consider. Loman's attempted appeal from his judgment of conviction was untimely, and its untimeliness deprived the appellate courts of jurisdiction. I.A.R. 21; *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996); *State v. Fuller*, 104 Idaho 891, 665 P.2d 190 (Ct. App. 1983). There was never a valid appeal for an appellate court to "determine." If Loman's argument were accepted, one convicted of a crime could restart the limitation period merely by filing an untimely notice of appeal from the judgment of conviction; the statute of limitation for post-conviction actions would be rendered meaningless. The limitation period for Loman's post-conviction action began to run from the expiration of the time for his appeal in the criminal action. It could not be restarted by the filing of an untimely notice of appeal on his behalf.
>
> The district court was correct in its determination that Loman's post-conviction application was time-barred. Therefore, the order of dismissal is affirmed.

*Loman*, 138 Idaho at 2, 56 P.3d at 159.

Because Amboh's notice of appeal from the judgment of conviction was untimely, the limitations period for his post-conviction action expired one year and forty-two days after the entry of the judgment of conviction, not one year from the remittitur on dismissal of his time-barred appeal.

This Court has held that the statute of limitation for a post-conviction action may be equitably tolled where the applicant was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials, *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d

4

127, 133 (Ct. App. 1997), and where mental disease and/or psychotropic medication rendered the applicant incompetent to understand his legal right to bring an action or otherwise rendered him incapable of earlier pursuing a challenge to the conviction. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005); *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003); *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996). In addition, two decisions of our Supreme Court, *Rhoades v. State*, 148 Idaho 247, 250-51, 220 P.3d 1066, 1069-70 (2009), and *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007), indicate that where the post-conviction claim raises an important due process issue, there may be a tolling of the statute of limitation until the petitioner knows or reasonably should know of the factual basis of the claim.

Idaho appellate courts have not permitted equitable tolling where the post-conviction petitioner's own lack of diligence caused or contributed to the untimeliness of the petition. *See*, *e.g.*, *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009) (even assuming petitioner did not have access to Idaho legal materials while incarcerated out-of-state for less than four months, he still had over nine months to file a timely petition but failed to do so); *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009) (petitioner demonstrated the ability to craft and file a petition, but failed to timely file one). Rather, in cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, *Abbott*, 129 Idaho at 385, 924 P.2d at 1229; *Martinez*, 130 Idaho at 536, 944 P.2d at 133, or the facts underlying the claim were hidden from the petitioner by unlawful state action, *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. None of these analogous circumstances are present in Amboh's case. As of August 2007, Amboh was informed in writing that his trial counsel had not filed a timely appeal from the judgment of conviction. At that point, he was on notice that his opportunity for appeal had been lost, and on notice of the deficient performance of counsel that he now alleges as his post-conviction claim. Even though the defense attorney may have contributed confusion by pointlessly filing an *untimely* notice of appeal, if Amboh had exercised reasonable diligence he could have determined that the appeal was dismissed long before the limitation period for a post-conviction action expired. Instead, despite having been notified that his appeal was filed after the appeal deadline, Amboh waited for nearly one and a half years before he made any inquiry about the disposition of the appeal and thereby learned of its dismissal. Neither the State nor

5

anyone else concealed from Amboh the fact that this appeal was untimely or that it had been dismissed. Amboh's failure to file a timely petition raising his claim of ineffective assistance of counsel was not due to an extraordinary circumstance beyond his control, but by his own lack of diligence. In this circumstance, equitable tolling is not appropriate.

Therefore, the district court's summary dismissal of Amboh's petition is affirmed. No costs or attorney fees are awarded to either party.

Judge GRATTON and Judge MELANSON **CONCUR.**