IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38979

| | | |
|---|---|---|
| **MICHAEL SHAUN DILL,** | ) | **2012 Unpublished Opinion No. 412** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: March 28, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

Order summarily dismissing successive application for post-conviction relief, <u>affirmed</u>.

Michael Shaun Dill, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael Shaun Dill appeals from the district court's order summarily dismissing his successive application for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Dill's post-conviction relief application, he pled guilty to rape and on April 19, 2004, the district court entered a judgment of conviction and sentenced him to a unified term of twelve years with three years determinate. Dill did not appeal the conviction or sentence. On January 12, 2010, Dill filed an application for post-conviction relief, alleging violations of his Fifth and Sixth Amendment rights and violations under *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006). On January 29, 2010, the district court issued a notice of intent to dismiss the application. The court dismissed the application on January 21, 2011. Dill did not appeal the dismissal of his application.

1

On February 14, 2011, Dill filed a successive application for post-conviction relief, asserting that: (1) his conviction and sentence violated the United States Constitution or Idaho Constitution; (2) material facts existed which were not previously heard and which required vacation of his conviction and sentence in the interest of justice; (3) Dill was innocent of the offense pursuant to Idaho Code § 19-4902(b) through (f); and (4) Dill's plea was not made knowingly or voluntarily. The district court issued a twenty-day notice of intent to dismiss on the grounds that Dill's successive petition was untimely and that he had failed to provide a sufficient reason for not asserting the claims in his original application for post-conviction relief. Dill filed a response which reiterated the four grounds for relief contained in his successive application. The district court summarily dismissed Dill's successive application on the grounds stated in its notice of intent to dismiss. Dill timely appeals.

## II.

## DISCUSSION

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

2

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not

3

constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

Our review of the district court's construction and application of the limitations statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitations for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

Dill argues that his second application should be considered timely for two reasons: (1) he was under the influence of psychotropic medication and lacked capacity to work on his application until recently; and (2) he exercised due diligence by researching material for his post-conviction case. Dill also argues that because he lacks any legal training and because counsel was not appointed to assist him with his first application, the facts underlying the claims in his successive application could not have been known at the time of his first application. The State argues that Dill's successive application is untimely and also that Dill has failed to provide a sufficient reason for not including his present claims in his first application.

To be timely, the UPCPA requires that a post-conviction proceeding be commenced by filing an application "any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). Dill was sentenced on April 19, 2004. He did not appeal from the judgment of conviction and waited until January 2010 before filing his original application for post-conviction relief. His successive application was filed on February 11, 2011, almost seven years after his sentencing. The successive application clearly falls outside the one-year period in which to file a post-conviction application.

Nevertheless, we have also recognized that the statute of limitations for post-conviction claims may be equitably tolled in circumstances where psychotropic medication has prevented an applicant from timely pursuing challenges to his conviction or where an applicant has only

4

recently discovered the factual basis for his claim. *See Rhoades*, 148 Idaho at 251, 220 P.3d at 1070; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). However, an applicant's due process right is not violated by a statute of limitations bar unless he can show such an inability to file a timely petition that he was denied any meaningful opportunity to present his post-conviction claims. *See Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010); *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Tolling is not allowed for an applicant's own inaction. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011). As this Court stated in *Amboh*:

> [I]n cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action.

*Amboh*, 149 Idaho at 653, 239 P.3d at 451 (citations omitted).

Dill's arguments regarding equitable tolling are unavailing for two reasons. First, Dill argues in his reply brief that he was under the influence of psychotropic medication "for years while incarcerated," and due to the effects of this medication, he only recently became aware of the facts underlying his claim. Dill made no equitable tolling argument regarding psychotropic medication before the district court or in his opening brief. His "due diligence" tolling argument, although he argues it in his opening brief on appeal, was never argued before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Nor will this Court "consider arguments raised for the first time in the appellant's reply brief." *Jacklin Land Co. v. Blue Dog RV, Inc.*, 151 Idaho 242, 248, 254 P.3d 1238, 1244 (2011). Therefore, Dill did not demonstrate a basis for equitable tolling.

Second, even if we assume that Dill could make the requisite showing to toll the limitations period, Dill's successive application was still properly dismissed because he failed to show a sufficient reason the claims in his successive application were not included in his original application. Idaho Code § 19-4908 provides that "all grounds for relief available to an applicant . . . must be raised in his original, supplemental, or amended application." The section further provides that "any ground . . . not so raised, or knowingly, voluntarily[,] and intelligently waived in the proceeding that resulted in the conviction . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not

5

asserted . . . in the original, supplemental, or amended application." *Id.* Thus, I.C. § 19-4908 prohibits the filing of a second application for post-conviction relief unless the applicant shows sufficient reason why the issues could not have been raised in the prior application. *See Baker v. State*, 142 Idaho 411, 420, 128 P.3d 948, 957 (Ct. App. 2005) (citing *Palmer v. Dermitt*, 102 Idaho 591, 593, 635 P.2d 955, 957 (1981)). Therefore, where the applicant fails to meet the burden of establishing sufficient reason why the grounds for relief asserted in a successive application were not asserted in the original application for post-conviction relief, his application must be dismissed. *See Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1254-55 (Ct. App. 1995).

The district court took judicial notice of Dill's prior application for post-conviction relief. In that application, Dill alleged that he was sentenced in violation of the Fifth and Sixth Amendments and that *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), required that his sentence be overturned. The district court noted that the first two grounds in Dill's successive application were duplicative of the grounds raised in the original application. The additional allegations included in his successive application concern the entry of his guilty plea, whether he was informed of his right to appeal, and whether he saw his presentence investigation report. The facts underlying these claims occurred prior to sentencing, and were known to Dill, or should have been known, immediately following sentencing. Even if we assume that he could have shown that the original application was timely due to equitable tolling, Dill provides no explanation for why his original application could not have contained the additional allegations included in this successive application. He provides no facts to indicate that he was unaware of the additional claims at the time of his original application; nor is there anything in the record to suggest that the additional claims could not have been included in his original application. Without providing a sufficient reason for failing to raise the additional allegations in his original application, Dill's equitable tolling arguments are irrelevant; and, therefore, Dill's application was properly dismissed by the district court.

## III.

## CONCLUSION

Dill has failed to show that the district court erred in dismissing his successive application for post-conviction relief. His arguments regarding equitable tolling were not raised before the district court; and even assuming he could make the requisite showing to toll the

6

limitations period, he has not provided any reason that the grounds contained in his successive application could not have been included in his original application. Therefore, the district court's judgment summarily dismissing Dill's successive application for post-conviction relief is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**