**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41780**

| | | |
|---|---|---|
| **JONATHON GEORGE PLASTER, JR.,** | ) | **2015 Unpublished Opinion No. 460** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: April 10, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Summary dismissal of successive petition for post-conviction relief, <u>affirmed</u>.

Jonathon George Plaster, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jonathon George Plaster, Jr. appeals from the district court's summary dismissal of his successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Plaster pled guilty to seven counts of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506. The district court sentenced Plaster to concurrent unified terms of forty years, with minimum periods of confinement of twenty years, for the lewd conduct charges and to a concurrent unified term of twenty-five years, with a minimum period of confinement of twenty years, for sexual abuse of a child. In an unpublished opinion, this Court affirmed Plaster's judgments of conviction and sentences. *State v. Plaster*, Docket No. 36119 (Ct. App. Aug. 9, 2010).

Plaster filed his initial petition for post-conviction relief in May 2011, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. In March 2012, after the State had responded to Plaster's petition and filed a motion for dismissal, Plaster attempted to file an amended petition. The district court refused to consider Plaster's amended petition because he had not obtained leave to file it. The district court then summarily dismissed all of the claims he asserted in his initial petition, and we affirmed. *Plaster v. State*, Docket No. 40193 (Ct. App. July 10, 2013) (unpublished).

In 2013, Plaster filed the instant, successive petition for post-conviction relief, raising twenty-six claims. After providing notice, the district court summarily dismissed Plaster's successive petition on the grounds that it was untimely and that he failed to state a claim upon which relief may be granted.[1] Plaster timely appeals.

## II.

## ANALYSIS

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). Generally, all allegations relating to a request for post-conviction relief must be asserted in one petition. I.C. § 19-4908. A successive petition for post-conviction relief may be summarily dismissed "if the grounds for relief were finally adjudicated or waived in the previous post-conviction proceeding." *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006) (citing I.C. § 19-4908).

A post-conviction action may not be summarily dismissed, however, unless the petitioner has been given twenty days' notice, either by the court or by motion of the State, and an opportunity to respond before dismissal is ordered. I.C. § 19-4906(b); *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981).

---

[1] Because we affirm the summary dismissal of Plaster's successive petition on the basis that it was untimely, we need not address whether Plaster has stated a claim for which relief may be granted.

Idaho Code § 19-4902(a) requires that a post-conviction proceeding be commenced by filing a petition "any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds an asserted ground for relief which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of "sufficient reason" for permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable period of time is for filing a successive petition, we will simply consider it on a case-by-case basis. *Id.*

In response to Plaster's successive filing for post-conviction relief, the district court issued notice of its intent to summarily dismiss the petition on the basis that it was untimely. In his reply to the court's notice of intent to dismiss his petition, as well as in his appeal of its dismissal, Plaster contends that he has presented a sufficient reason for filing his petition outside of the one-year period allowed.[2] Specifically, Plaster contends that because the district court did not consider his amended petition for post-conviction relief in his prior post-conviction case, his successive petition relates back to the date of his original petition. However, the court properly dismissed Plaster's purported amended petition in the initial action because he did not seek leave from the court, or obtain written consent from the State, to amend the petition as required by Idaho Rule of Civil Procedure 15(a). Therefore, the filing of his successive petition does not relate back to the date of the filing of his initial petition for post-conviction relief.

Further, Plaster characterizes the claims in his successive petition as "nearly mirror[ing] those" raised in the purported amended petition in his initial post-conviction case. Thus, Plaster's successive petition claims were known at the time of his first post-conviction

---

[2]     Plaster also requests that this Court disqualify the district judge who dismissed his successive petition. Plaster's request is procedurally improper. *See* I.R.C.P. 40(d)(2)(B) (a disqualification for cause should be commenced by motion and affidavit and presented to the presiding district judge); *see also State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (issues not raised below may not be considered for the first time on appeal).

3

proceedings, and he has failed to demonstrate that his petition was filed within a reasonable time. The district court summarily dismissed Plaster's first post-conviction petition in June 2012. Plaster did not file his successive petition until September 2013, approximately fifteen months later. Fifteen months is not a reasonable time. *See Charboneau*, 144 Idaho at 905, 174 P.3d at 875 (holding that thirteen months is unreasonable). Plaster has failed to demonstrate a sufficient reason for the untimely filing of his successive petition. Moreover, even if the district court's initial refusal to consider the purported amended petition could be a sufficient reason for the successive petition, and not barred by the failure to directly appeal, it was still untimely.

Lastly, although Plaster acknowledges that his successive petition was untimely, he contends that he should be held to a less stringent standard because he is pro se. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See Suitts v. Nix*, 141 Idaho 706, 708-09, 117 P.3d 120, 122-23 (2005). Furthermore, an individual's ignorance of his or her right to file a post-conviction petition for relief, or the time period in which it must be filed, does not toll a statute of limitation. *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010).

## III.

## CONCLUSION

The district court did not err in determining that Plaster's claims were untimely. Accordingly, the district court's order dismissing Plaster's successive petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**

4