# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 52468

JASON KELLEY SMITH,        )
                           )

    Petitioner-Appellant,    )        Boise, June 2025 Term
                           )

v.                          )        Opinion Filed: August 18, 2025
                           )

STATE OF IDAHO,           )        Melanie Gagnepain, Clerk
                           )

    Respondent.          )
                           )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Steven J. Hippler, District Judge.

The district court's orders denying (1) Smith's motion for extension of time and (2) Smith's Rule 60(b)(6) motion are <u>affirmed</u>.

Ferguson Durham, PLLC, Boise, attorneys for Appellant, Jason Smith.
Craig Durham argued.

Raúl R. Labrador, Idaho Attorney General, Boise, attorneys for Respondent.
Ken Jorgensen argued.

_____

BEVAN, Chief Justice.

    Jason Kelley Smith appeals from the district court's denial of his pro se motion for extension of time and to remove counsel. In a separate appeal,[1] Smith challenges the district court's order denying his pro se Idaho Rule of Civil Procedure 60(b)(6) motion and his Rule 59(e) motion to alter or amend the judgment. For the reasons below, we affirm the district court's decisions.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

    On Christmas Eve in 2018, T.M., who was 13 years old, used her family's laptop computer to initiate a conversation with Smith via a messaging app called TextNow. Smith was 33 years old. T.M. testified at trial that she first started communicating with Smith through Tinder before

---

[1] Smith appealed the orders separately, but they are consolidated for purposes of this opinion.

1

changing to the TextNow app. Their conversation became sexually explicit, culminating in T.M. agreeing to engage in sexual acts with Smith in exchange for a vape pen. In the early morning hours of December 25, 2018, T.M. snuck out of her family home twice to meet Smith. The second time they met, they engaged in sexual intercourse in his car.

The next day, T.M.'s mother discovered the messages between T.M. and Smith and contacted law enforcement. Officer David Gomez arrived at their home to investigate the report. He matched the phone number that T.M. had been texting to Smith's phone. Posing as T.M., Officer Gomez contacted Smith via text message and arranged for a third meeting at the Majestic Theater in Meridian. Smith arrived at the designated meeting spot and was arrested. On questioning by officers, he admitted that he knew T.M. and was there to pick her up.

Meanwhile, Detective Jeremy Lindley referred T.M. to St. Luke's Children at Risk Evaluation Services ("CARES") at its Regional Medical Center in Boise, Idaho for evaluation of suspected child abuse.[2] CARES staff interviewed and examined T.M. two days after the alleged intercourse with Smith. Vaginal, rectal, and oral swabs were obtained from T.M. and submitted to Idaho State Police Forensic Services in a sexual assault evidence collection kit. No male DNA was detected in the rectal and oral swabs; however, a low level of male DNA was detected on the vaginal swab, which was processed for a Y-STR profile. The major DNA profile matched the reference sample for the Y profile for Smith, meaning that Smith and all paternally related male relatives were included as a source.

### B. Procedural History

Smith was charged with lewd conduct with a minor. After a two-day jury trial, he was found guilty of the charge. Following his conviction, the district court imposed a life sentence, with twenty years fixed. Smith appealed, arguing his sentence was excessive. The Idaho Court of Appeals affirmed. *See State v. Smith*, Docket No. 47425 (Ct. App. Oct. 14, 2020) (unpublished).

Smith later filed a petition for post-conviction relief claiming ineffective assistance of trial and appellate counsel. Smith alleged that his trial counsel failed to adequately investigate his case,

---

[2] "CARES provides evaluations and treatment for children reporting abuse and neglect. It also specializes in forensic interviewing." *State v. Parsons*, 173 Idaho 435, 438, 543 P.3d 465, 468 (2024).

call witnesses, or call a DNA expert. Smith also moved for appointment of post-conviction counsel, which the district court granted.

On October 28, 2021, the district court provided notice of its intent to dismiss Smith's petition because Smith failed to present a prima facie claim that his counsel was ineffective. Smith did not file a response to the district court, so, under Idaho Code section 19-4906(b), Smith's post-conviction petition was dismissed on November 23, 2021. Smith's counsel filed a notice of appeal. Subsequently, Smith filed a pro se motion for extension of time. In the motion, Smith alleged that he was unable to contact his counsel until November 2021, at which time he asked counsel to amend his petition for post-conviction relief. In a twenty-six-page handwritten motion, Smith briefly discussed his request to remove his counsel from his case, stating that he "request[s] that counsel be removed from the case; reset time to amend; and reset time to respond to this court's notice of intent to dismiss[.]" In response, the district court entered an order denying Smith's motion, noting that because Smith was represented by counsel, it was unable to "consider the motion unless filed through counsel."

Afterward, Smith, acting pro se, filed an amended petition for post-conviction relief. The district court struck the amended petition under Idaho Rule of Civil Procedure 12(f)(1). While the appeal of the dismissal filed by Smith's counsel was pending, Smith moved, pro se, for relief from the judgment under Rule 60(b), arguing that his post-conviction counsel had abandoned him. Smith argued that his post-conviction counsel did not notify him of the district court's intent to dismiss until after the deadline to respond had passed. Smith also alleged that his counsel failed to provide "assistance in developing or evaluating the deficiencies in his pro se application."

The district court denied Smith's pro se motion because Smith was still represented by counsel and because Smith did not notice his motion for a hearing, as required under Idaho Rule of Civil Procedure 7. Twelve days later, Smith filed a pro se motion asking the district court to alter or amend its order dismissing his Rule 60(b) motion. In the motion, Smith argued that his counsel's failure to withdraw was a component of the allegation that his counsel abandoned him and should be incorporated into his Rule 60(b) motion. Smith alleged his post-conviction counsel should be deemed withdrawn because Smith obtained appointment of appellate counsel. The district court again denied the motion because Smith was represented by counsel and his motion was untimely. Smith appealed, and the Idaho Court of Appeals affirmed. Smith petitioned for rehearing, which this Court granted.

## II. STANDARDS OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals[,] this Court gives due consideration to the decision reached by the Court of Appeals[ ] but directly reviews the decision of the trial court." *State v. Gonzales*, 165 Idaho 667, 671, 450 P.3d 315, 319 (2019) (quoting *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016)).

This Court exercises free review over questions on the interpretation of the Idaho Rules of Civil Procedure. *Ward v. State*, 166 Idaho 330, 332, 458 P.3d 199, 201 (2020). Where an appellant argues that the lower court abused its discretion in denying a Rule 60(b) motion, including a motion brought under Rule 60(b)(6), the standard of review is abuse of discretion. *Berg v. Kendall*, 147 Idaho 571, 576, 212 P.3d 1001, 1006 (2009). Under the standard, this Court conducts its review by considering four essentials: "'whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.'" *State v. Bodenbach*, 165 Idaho 577, 591, 448 P.3d 1005, 1019 (2019) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

## III. ANALYSIS

### A. The district court did not abuse its discretion by denying Smith's motion for an extension of time to amend his petition for post-conviction relief.

After the district court's dismissal of Smith's petition for post-conviction relief, Smith filed a motion for extension of time, asking for thirty-five additional days to amend his petition because his attorney did not timely inform him that the district court had issued a notice of intent to dismiss. In the motion, Smith made several allegations against his post-conviction attorney, alleging that Smith had communicated the "importance" of amending his post-conviction petition, but his attorney failed to inform him that the "court's intent to dismiss was filed 10/28/21, and that [the] amendment deadline of [sic] petition had expired." Smith also referenced the difficulty he had in reaching his attorney. In the motion, Smith asked that "counsel be removed from the case, reset time to amend, and reset time to respond to [the district] court's notice of intent to dismiss."

On December 21, 2021, the district court denied Smith's motion, stating:

> Despite judgment having already been entered in this case, [Smith] seeks an extension to the deadline to amend his petition, which expired August 30, 2021. Because Petitioner is represented by counsel, the Court cannot consider the motion unless filed through counsel. Consequently, the motion is DENIED.

4

Smith argues that his motion for extension of time did more than merely allege ineffective assistance of counsel; the motion argued that his post-conviction attorney had effectively *abandoned* him. Abandonment, according to Smith, is a narrow exception to the notion that a post-conviction petitioner has no right to effective assistance of counsel.

In support of this claim, Smith relies on *Maples v. Thomas*, 565 U.S. 266 (2012). There, Maples, a capital prisoner in Alabama, had a post-conviction petition pending in the trial court when his attorneys left the law firm that they were working for. *Id.* at 270. The attorneys did not inform Maple that they had left their firm or inform him that their new employment prevented them from further representing him. *Id.* The Alabama trial court later denied Maples' petition, and with no notice to Maples and no attorney representing him, his time to appeal the denial expired. *Id.* Later, Maples petitioned for a writ of habeas corpus in federal court. *Id.* The federal court rejected Maples' petition because of the procedural default in state court—his failure to timely appeal Alabama's denial of his post-conviction petition. *Id.* On appeal to the United States Supreme Court, the Court recognized that Maples' attorneys had left him in "extraordinary circumstances beyond his control," sufficient to excuse the default. *Id.* The Court held that "a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id.* at 283.

Smith's reliance on *Maples* is misplaced. *Maples* examined whether there was cause to excuse a procedural default in a federal habeas claim because Maples' attorney abandoned him, resulting in a failure to appeal his post-conviction claim. Smith's appeal centers on whether his attorney's alleged abandonment should excuse a failure to timely amend his petition for post-conviction relief, which is a creature of state law, governed under the Uniform Post-Conviction Procedure Act. Under Idaho's Act, equitable tolling, like Smith seeks here, is unavailable to him. *See Bahr v. State*, 172 Idaho 373, 379, 533 P.3d 282, 288 (2023) (quotation omitted) ("The standard for equitable tolling [in state post-conviction actions] has two basic prongs, no different than the federal standard for equitably tolling an untimely habeas petition: Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010) ("in cases where equitable

tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control").

Smith has not demonstrated the extraordinary circumstances that would provide him with relief here. *See, e.g., Bahr*, 172 Idaho at 376, 533 P.3d at 285 ("Nothing in Bahr's petition or the record on appeal shows Bahr alleged any efforts he made while in Texas to access the Idaho courts to pursue his post-conviction rights . . . "); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (petitioner failed to demonstrate extraordinary circumstances); *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003) ("Sayas has offered no cogent argument as to why his petition was filed two and one-half years beyond the statutory time limit."). And, unlike *Maples*, Smith was not procedurally barred from amending his petition for post-conviction relief; the district court denied his pro se motion for an extension of time because he was represented by counsel and the motion was untimely.

Even if *Maples* were applicable to Smith's case, he has not shown the "extraordinary circumstances" necessary to excuse a default. In Smith's motion for extension of time, he recounted telling counsel "that my petition for post conviction relief . . . must be amended." Smith told his counsel "of the importance of the amendment of the petition is [sic][.]" Smith notes that his counsel requested that Smith "write down all information to go into amended petition[,]" which Smith did. But after reviewing that information, Smith's counsel told him he would not amend the petition. Thus, Smith's counsel evaluated his proffered claims and made a tactical decision not to file them. Smith's own recollection of events contradicts the assertion he now makes before us that his attorney abandoned him.

In *Maples*, the United States Supreme Court recognized abandonment after Maples' attorneys took new employment that prevented them from providing any further representation. Here, Smith's attorney spoke with him after being appointed, reviewed the proposed amendments that Smith wanted to make to his petition, and then informed Smith that he would not make the requested amendments. This indicates that Smith's counsel evaluated the merits of the proposed amended petition, even if that evaluation was not timely communicated to Smith. Importantly, for purposes of this appeal, Smith placed nothing in the record to show that he made repeated efforts to contact his attorney that went unanswered or that his attorney refused to speak with him.

And it is important to note that there is a distinction between the deadline to amend a petition and the deadline to respond to the district court's notice of intent to dismiss a petition.

6

*Compare* district court's scheduling order, establishing a deadline of August 30, 2021 to amend the petition, *with* Idaho Code section 19-4906(b), providing "an applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. Smith's argument emphasizes that his attorney failed to communicate that the deadline to amend his petition had expired when they spoke on November 17, 2021. Indeed, that deadline had expired several months earlier. However, Smith's motion discusses this in the context of the twenty-day deadline to respond to the district court's notice of intent to dismiss. These were separate deadlines. Contrary to Smith's claim on appeal, his initial motion did not request additional time to respond to the court's 20-day notice.

Even if we were to assume that Smith's counsel was negligent for failing to notify Smith of the futility of the amendment,

> [n]egligence on the part of a prisoner's postconviction attorney does not qualify as cause[,] . . . because the attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of the negligent conduct on the part of his agent. Thus, when a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause.

*Maples*, 565 U.S. at 280–81 (internal citations and quotation marks omitted). On the record before us, we hold that Smith's attorney did not abandon him and that his attorney's conduct, even if negligent, does not constitute an extraordinary circumstance necessary to establish grounds for equitable tolling. As such, the district court did not abuse its discretion by denying Smith's motion for an extension of time.

Smith also maintains that pro se filings should be construed liberally and, while his motion sought only new counsel and time to amend his petition, it also should have been construed as a motion seeking to set aside the judgment. This is particularly true, according to Smith, because he was unaware that judgment was entered when he filed the motion.

First, Smith's argument lacks merit because he was not pro se. He was represented by counsel when he filed the motion. Second, even if we were to consider the motion as one filed by an unrepresented litigant, the result would be the same. While we have acknowledged that "incarcerated petitioners may not have a meaningful ability to investigate facts to support their claims," this Court has not gone so far as to apply the liberal construction standard for which Smith advocates. *Jimenez v. State*, 170 Idaho 359, 510 P.3d 1152, 1158 (2022) (citation omitted). To the contrary, "[p]ro se litigants are not entitled to special consideration or leniency because they represent themselves." *Walker v. Meyer*, 170 Idaho 408, 410, 511 P.3d 828, 830 (2021) (quoting

7

*Owen v. Smith*, 168 Idaho 633, 641, 485 P.3d 129, 137 (2021)). "Rather, '[p]ro se litigants must conform to the same standards and rules as litigants represented by attorneys, and this Court will address the issues accordingly.'" *Id.* The district court's order denying Smith's motion applies with equal force, irrespective of whether that motion was filed by counsel or by Smith pro se.

**B.     Smith failed to challenge the district court's alternative ground for denying his Rule 60(b)(6) motion, and we affirm the district court on the unchallenged ground.**

While the appeal from the dismissal of Smith's petition for post-conviction relief was pending, he filed a pro se motion for relief from the judgment of dismissal under Idaho Rule of Civil Procedure 60(b)(6), arguing that his post-conviction counsel abandoned him. The district court denied Smith's motion on two grounds: (1) Smith was still represented by counsel, and (2) Smith failed to notice the motion for a hearing under Idaho Rule of Civil Procedure 7.

After the district court entered its order, Smith filed a Rule 59(e) motion to alter or amend, claiming that his counsel's failure to withdraw was a component of his abandonment argument and should have been incorporated into his Rule 60 motion. Smith also argued that his attorney should have been treated as having withdrawn because Smith had been appointed appellate counsel. The district court denied this motion because Smith was still represented by his original counsel and the motion was untimely. Articulating another ground for the dismissal, the district court also ruled that "any motion filed must be properly supported and noticed for hearing under Rule 7, IRCP. As these procedural steps were not followed, the [c]ourt has no duty to entertain the motion."

Before we consider the merits of Smith's argument, the State maintains that the district court's decision must be affirmed on the unchallenged basis for denial—the denial based on Smith's failure to notice the motion for a hearing. "Actions for post-conviction relief are governed by the Idaho Rules of Civil Procedure because they are civil in nature." *Ward v. State*, 166 Idaho 330, 332, 458 P.3d 199, 201 (2020). "If the moving party does not request oral argument or does not timely file a supporting memorandum or brief, the court may deny the motion without further notice if it determines the motion does not have merit." I.R.C.P. 7(b)(3)(E).

While Smith filed a Rule 60(b)(6) motion and affidavit, he did not file a supporting memorandum or brief, nor did he notice the motion for a hearing. "[T]he district court had no duty to entertain any motion until it was properly supported or set for a hearing." *Ward*, 166 Idaho at 332, 458 P.3d at 201. As the State points out, Smith does not challenge the district court's

alternative ground for dismissing his motion. "[W]hen a lower court makes a decision on alternative grounds and one or more of those grounds are not challenged on appeal, we will affirm." *Rodriquez v. State*, 171 Idaho 634, 652, 524 P.3d 913, 931 (2023) (quoting *Kugler v. Nelson*, 160 Idaho 408, 416, 374 P.3d 571, 579 (2016)). As such, we affirm the district court's alternative grounds for denying Smith's motion, and we decline to reach the merits of Smith's challenge to the district court's denial of his Rule 60(b)(6) motion.

## IV. CONCLUSION

For the reasons above, the district court's orders are affirmed.

JUSTICES BRODY, MOELLER, ZAHN, and MEYER CONCUR.